**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

TERRY MADDEN, DOUG WORTMAN, and                                    PLAINTIFFS
REBECCA O'BAR, individually
and on behalf of others similarly situated

v.                                    Case No. 4:10CV01162 JLH

LUMBER ONE HOME CENTER OF STUTTGART INC.,
d/b/a Lumber One Home Center of Mayflower; and
LUMBER ONE HOME CENTER INC.                                    DEFENDANTS

## OPINION AND ORDER

This is a putative collective action brought by three former employees of the defendants

(collectively "Lumber One")[1] pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201

*et seq.*  On October 7, 2010, the plaintiffs filed a motion for partial summary judgment.  On

October 8, 2010, the plaintiffs filed a motion to certify an FLSA collective action consisting of

> any and all current or former employees of Lumber One Home Center of S[t]uttgart,
> Inc., d/b/a Lumber One Home Center of Mayflower, who were mis-classified as
> salaried employee[s] but non-exempt from the overtime requirements of the Fair
> Labor Standard[s] Act, from October of 2008 to the present for current employees or
> from October of 2008 to the date of termination for former employees.

(Pls.' Mot. for Approval Ex. 1 at 2.)[2]  For the reasons that follow, the plaintiffs' motions for

summary judgment and collective action certification are denied.

---

[1] The complaint that was filed on August 23, 2010, named only Lumber One Home Center
of Stuttgart, Inc., as a defendant.  (Compl. ¶ 4.)  In their response to the plaintiffs' motion for
summary judgment, the defendants asserted that the plaintiffs actually worked for Lumber One
Home Center, Inc., at their Mayflower location.  The plaintiffs then amended their complaint to
add Lumber One Home Center Inc. as a defendant.  (Am. Compl. ¶ 5.)

[2] Attached to their reply is an amended notice, which proposes a collective action
consisting of "any and all current and former salaried employees of Lumber One who were mis-
classified as salaried employees but in reality were non-exempt from the requirements of the Fair
Labor Standards Act from August 23, 2007, to the present or the date of termination."  (Pls.'
Reply Br. Ex. A at 1-2.)

## I.

Lumber One is a corporation that sells lumber, miscellaneous building supplies, and hardware at stores in Mayflower and Stuttgart, Arkansas.  In May 2009, the United States Department of Labor ("USDOL") Wage and Hour Division received a complaint from two former employees of Lumber One in Mayflower, Arkansas.  The USDOL conducted an investigation of the two complainants, as well as two other employees who were performing similar duties at the Mayflower store at the time of the investigation.[3]  No other location or job classification was investigated.  The USDOL investigator interviewed the four employees at the Mayflower facility and reviewed the store schedules provided by Lumber One.  The investigator determined that the employees were improperly classified as exempt from the FLSA and were owed time-and-a-half for any work that they had performed over forty hours per week.  He calculated the amount of unpaid wages due—$10,179.62—and issued a letter dated June 8, 2010, to Lumber One, informing the company of his findings.  Lumber One's attorney responded with a letter dated June 16, 2010, that expressed the firm's disagreement with the investigator's findings and set forth reasons for believing that the four employees were exempt from the FLSA wage and hour requirements.  (Defs.' Resp. to S.J. Mot. Ex. 1.)  On July 1, 2010, the Acting Assistant District Director of the USDOL Wage and Hour Division issued letters to each of the four employees whose positions were investigated.  The letters stated the USDOL's position:

A recent investigation of the above named firm under the Fair Labor Standards Act (FLSA) indicates that you *might* not have been paid as required by the law . . . .

The Wage and Hour Division contacted [Lumber One] and explained the

---

[3]One of the employees was Terry Madden, a named plaintiff in this suit.

FLSA wage requirements. [Lumber One] was requested to pay any back wages owed but it did not agree to make additional payments to you. . . .  The Department of Labor (Department) is authorized to file lawsuits against employers and request that a court order the payment of back wages; however, *after reviewing all of the circumstances in this case, it has been decided that it is not suitable for litigation by the Department.*  Consequently, no further action will be taken to secure payment of additional money *possibly* owed to you.

The fact that we will take no further action on your behalf does not affect your private right under the FLSA to bring an independent suit to recover any back wages due. . . .  The Department does not encourage or discourage such suits.  The decision is entirely up to you.

(Pls.' St. of Facts Ex. 8 (emphases added).)  On August 23, 2010, three former salaried employees of Lumber One in Mayflower, Arkansas, commenced this suit.  Only one of the three plaintiffs, Terry Madden, was involved in the USDOL investigation.

## II.

### A.    Summary Judgment Motion

The plaintiffs allege that they are entitled to summary judgment on their claim that the defendants violated the FLSA within the applicable limitations period.  Specifically, they contend that they were improperly categorized as exempt from the FLSA and were not paid the overtime that they were due under the statute.  A court should enter summary judgment if the evidence, viewed in the light most favorable to the nonmoving party, demonstrates that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986); *Cheshewalla v. Rand & Son Constr. Co.*, 415 F.3d 847, 850 (8th Cir. 2005).  The moving party bears the initial responsibility of demonstrating the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265

3

(1986).  If the moving party meets its burden, the nonmoving party must "come forward with

'specific facts showing that there is a *genuine issue for trial*.'"  *Matsushita Elec. Indus. Co. v. Zenith*

*Radio*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1985) (quoting Fed. R. Civ. P.

56(e)) (emphasis in original).  A genuine issue exists only if there is sufficient evidence to allow a

jury to return a verdict for the nonmoving party.  *Anderson*, 477 U.S. at 249, 106 S. Ct. at 2511.[4]

The plaintiffs contend that there is no genuine issue of material fact as to whether they were

misclassified as exempt from FLSA overtime requirements because their duties are not executive,

administrative, or professional in nature.  Under the FLSA, employers must pay employees time-and-

a-half for all hours worked over forty hours per week.  *See* 29 U.S.C. § 207(a)(1) (2006).  Exempt

from this requirement is "any employee employed in a bona fide executive, administrative, or

professional capacity."  29 U.S.C. § 213(a)(1).  To determine whether an employee is an exempt

executive, administrative, or professional employee, a court must apply USDOL regulations that

have been judicially construed in over fifty years of litigation.  *Fife v. Bosley*, 100 F.3d 87, 89 (8th

Cir. 1996).  Pursuant to these regulations, an exempt executive is one (1) who is compensated not

less than $455 per week, (2) whose primary duty is management of the enterprise in which the

employee is employed, (3) who customarily and regularly directs the work of two or more other

employees, and (4) who has the authority to hire or fire or whose suggestions as to hiring and firing

---

[4]The defendants contend that the plaintiffs' motion for summary judgment is "out of turn"
because discovery has not yet commenced.  (Defs.' Resp. Br. to S.J. Mot. at 1.)  The Federal
Rules of Civil Procedure expressly permit a defendant to move for summary judgment "at any
time," Fed. R. Civ. P. 56(b), regardless of whether the parties have conducted discovery.  If the
non-moving party believes that its adversary's summary judgment motion is premature, it must
show by affidavit that it cannot present facts essential to justify its opposition to the motion and
how evidence of such facts would preclude summary judgment.  *See* Fed. R. Civ. P. 56(f) (now
Fed. R. Civ. P. 56(d)).  The defendants offer no such affidavit here.

are given particular weight.  29 C.F.R. § 541.100 (2010).

The plaintiffs concede that they earned more than $455 per week while employed with

Lumber One.  They argue, however, that their duties were not executive in nature and, consequently,

that they were not exempt from the wage and overtime requirements of the FLSA. Furthermore, they

contend that because the FLSA Summary, WHISARD Compliance Action Report, case diary entries,

Summary of Unpaid Wages, and notes from the USDOL investigation suggest that four former

employees—only one of whom is a plaintiff in this case—were improperly classified as exempt from

the FLSA, the plaintiffs have met their burden as a matter of law.  (Pls.' St. of Facts Exs. 2, 4.)  The

Court disagrees.  "The question of how an employee spends his/her time at work is a question of

fact."  *Hilton-Rorar v. State and Fed. Commc'ns, Inc.*, No. 5:09CV1004, 2010 WL 3259879, at *4

(N.D. Ohio Aug. 18, 2010) (finding a DOL investigation and its conclusions are not binding on the

court or dispositive of a case).  Although an agency's interpretation may merit some deference

whatever its form, *see United States v. Mead Corp.*, 533 U.S. 218, 234-35, 121 S. Ct. 2164, 2175,

150 L. Ed. 2d 292 (2001), it is by no means controlling, *Skidmore v. Swift & Co.*, 323 U.S. 134, 140,

65 S. Ct. 161, 164, 89 L. Ed. 124 (1944).  Agency rulings, statements, interpretations and opinions

are given deference proportional to their power to persuade.  *Id.*  In this case, the documents

pertaining to the USDOL's investigation are hardly relevant, much less persuasive.  The investigator

stated in his FLSA narrative that his investigation was limited to "the two complainants, as well as

the two people the firm stated are currently performing the same duty positions as the former

employees."  (Pls.' St. of Facts Ex. 4 at 2.)  Only one of the named plaintiffs was included within

the scope of that investigation, and the other two plaintiffs offer no evidence that the investigator's

statements are, for some reason, relevant to their claims.  To the extent that the investigator's

statements are relevant, they carry little persuasive authority.  The letters that the Acting Assistant District Director sent to the employees affected by the investigation do not contend that Lumber One violated the FLSA; rather, the letters state that the employees "*might* not have been paid as required by law."  (Pls.' St. of Facts Ex. 8 (emphasis added).)  Based on this evidence, the Court cannot find that the plaintiffs in this case were improperly classified as exempt as a matter of law.

The only other evidence that is offered in support of the summary judgment motion is the affidavits of two of the three named plaintiffs.  Terry Madden alleges in his affidavit that his job duties "included helping customers, stocking materials in the store and other manual labor.  If there was nothing for me to do, I cleaned the store and the grounds and picked up trash."  (Pls.' St. of Facts Ex. 1 ¶ 9.)  He also contends that he "did not perform any sort of management duties," such as supervising employees; hiring, firing, or making recommendations to hire or fire; changing policies and procedures; refusing materials; purchasing materials; or discounting prices set by the company.  (*Id.* ¶ 10.)  Rebecca O'Bar also alleges in her affidavit that she "did not perform any sort of management duties."  (Pls.' St. of Facts Ex. 3 ¶ 7.)[5]  However, the affidavit of John Morton, owner and president of Lumber One, states that all three plaintiffs "were hired and trained to be supervisors when the store opened."  (Resp. to Mot. for S.J. Ex. 1 ¶ 5.)  Specifically, he alleges that

> Terry Madden was hired to be the Receiving Supervisor, and Rebecca O'Bar was hired to be the Warehouse Supervisor.  As supervisors, these employees would have to direct the work of two or more employees, would have input into personnel decisions regarding hiring, firing, and discipline, and would be the supervisor over their respective departments or areas. . . .   Terry Madden did have the authority to refuse an incoming load of materials.

(*Id.*)  The defendants also submitted a copy of the letter that their attorney sent to the USDOL

---

[5]Her affidavit does not explain, however, what her duties included at Lumber One.  No affidavit is provided by Plaintiff Doug Wortman.

6

investigator on June 16, 2009.  In the letter, the defendants describe each investigated employee's position at Lumber One and explain the supervisory or managerial duties they were required to perform.  Based on the evidence presented, there is a genuine issue of material fact as to whether the plaintiffs performed managerial or supervisory duties.

Moreover, a number of other fact questions exist that preclude summary judgment.  No evidence has been offered to suggest that Lumber One committed a knowing violation of the Act, as is required for the three-year statute of limitations to apply.  In fact, the FLSA Narrative submitted by the plaintiffs states that "the employer was under the impression that the employees were exempt," which suggests that Lumber One did not knowingly violate the Act.  (Pls.' St. of Facts Ex. 4 at 3.)  Also, a genuine issue of material fact exists as to whether the plaintiffs were employed by Lumber One Home Center of Stuttgart, Inc., or Lumber One Home Center, Inc.  Both of these alleged facts are in dispute.  In light of these genuine issues of material fact, the plaintiffs' motion for summary judgment is denied.

**B.**     **FLSA Collective Action Motion**

The plaintiffs also move for conditional certification of an FLSA collective action comprised of current and former salaried employees of Lumber One who were mis-classified as salaried employees and were in fact not exempt from the FLSA wage and hour requirements.  The FLSA authorizes "similarly situated" employees to proceed collectively to recover damages for violations of the FLSA's overtime and record-keeping provisions.  29 U.S.C. § 216(b).  "These collective actions are intended to serve the interests of judicial economy and to aid in the vindication of plaintiffs' rights." *In re Pilgrim's Pride FLSA Litig.*, No. 1:07CV1832, 2008 WL 4877239, at *2 (W.D. Ark. Mar. 13, 2008) (citing *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 110 S. Ct.

482, 107 L. Ed. 2d 480 (1989)).  The FLSA does not expressly define "similarly situated."  Although

the Eighth Circuit has not addressed the issue, this Court and others within the Eighth Circuit have

applied the two-step approach set out in *Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D.N.J. 1987).  *See*

*In re Pilgrim's Pride*, 2008 WL 4877239, at *2 (citing to federal courts that follow the two-step

approach and adopting it); *Davis v. NovaStar Mortgage, Inc.*, 408 F. Supp. 2d 811, 815 (W.D. Mo.

2005) (applying the two-step approach); *Kalish v. High Tech Inst., Inc.*, No. Civ. 04-1440, 2005 WL

1073645, at *1 (D. Minn. Apr. 22, 2005) (applying the two-step approach); *McQuay v. Am. Int'l*

*Group*, No. 4:01CV00661, 2002 WL 31475212, at *2 (E.D. Ark. Oct. 25, 2002) (noting that "a

majority of courts have adopted a two-step process").  "This approach provides for a two-step

determination as to whether class certification is proper." *Davis*, 408 F. Supp. 2d at 815.  In the first

stage, or "notice stage," courts apply a lenient standard to determine whether persons similarly

situated to the named plaintiffs exist and should receive notice. *Id.*  Plaintiffs bear the burden of

proof at this stage, and they "can meet this burden by making a modest factual showing sufficient

to demonstrate that they and potential plaintiffs together were victims of a common policy or plan

that violated the law." *Kautsch v. Premier Commc'ns*, 504 F. Supp. 2d 685, 689 (W.D. Mo. 2007)

(quoting *Realite v. Ark Rests. Corp.*, 7 F. Supp. 2d 303, 306 (S.D.N.Y. 1998)).  Although the burden

of proof is lenient, "plaintiffs [still] have the burden of demonstrating a reasonable basis for crediting

their assertions that aggrieved individuals exist[ ] in the broad class that they propose[.]" *Smith v.*

*Tradesmen Int'l, Inc.*, 289 F. Supp. 2d 1369, 1372 (S.D. Fla. 2003) (quoting *Haynes v. Singer Co.*,

696 F.2d 884, 886-87 (11th Cir. 1983)).

The plaintiffs have failed to meet that burden here.  The only evidence the plaintiffs offer in

support of their certification motion are the two affidavits and USDOL documents attached to the

summary judgment motion and response. They provide absolutely no evidence that other "aggrieved individuals" in addition to the named plaintiffs exist or are similarly situated. *Id.* Because "an insufficient amount of discover has taken place" to enable the Court to make an informed decision on the issue of whether similarly situated employees exist, the plaintiffs' motion for certification is denied without prejudice. *See id.*; *cf. Smith v. Frac Tech Servs, Ltd.*, No. 4:09CV00679, 2009 WL 4251017, at *6 (E.D. Ark. Nov. 24, 2009) (denying the motion to certify a class of all salaried employees regardless of job duties or title).

## CONCLUSION

For the reasons stated above, the plaintiffs' motion for partial summary judgment is DENIED. Document #5. The plaintiffs' motion for certification of an FLSA collective action is DENIED without prejudice. Document #8.

IT IS SO ORDERED this 2nd day of December, 2010.

_____
J. LEON HOLMES
UNITED STATES DISTRICT COURT