**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

TERRY MADDEN, DOUG WORTMAN,                               PLAINTIFFS
and REBECCA O'BAR, individually and on behalf
of others similarly situated

v.                                 No. 4:10CV01162 JLH

LUMBER ONE HOME CENTER OF
STUTTGART, INC., d/b/a LUMBER ONE
HOME CENTER OF MAYFLOWER; and
LUMBER ONE HOME CENTER, INC.                                 DEFENDANTS

**ORDER**

The defendants have moved for partial summary judgment on the issue of whether the fluctuating work week method is the proper method of calculating back pay in a misclassification case. This Court analyzed this issue in *Smith v. Frac Tech Services, LLC*, No. 4:09CV00679, 2011 WL 96868, at *34-36 (E.D. Ark. Jan. 11, 2011). The Court affirmed that analysis in response to a motion for reconsideration in an order entered on June 15, 2011. *See Smith v. Frac Tech Services, LLC*, E.D. Ark, No. 4:09CV00679, Document #391. This Court's view of the law has not changed. The legal analysis in *Smith v. Frac Tech*, will be followed in this case.

There is one difference, however, between this case and *Smith v. Frac Tech*. The Court said that on the issue of whether damages should be calculated using the fluctuating work week method, the factual question was whether the salary was intended to compensate for all hours worked or only for forty hours. In that case, in the ruling on the motion for partial summary judgment, the Court said that all of the evidence indicated that the salaries of the plaintiffs were intended to compensate them for all of the hours that they worked. Here, in contrast, two of the plaintiffs (Wortman and O'Bar) have submitted affidavits stating that they did not understand their salary to cover all of the hours worked and that they never agreed that their salary would cover all of the hours that they

worked. Although the defendants contend that the evidence is to the contrary, those affidavits create a genuine dispute as to a material fact. Consequently, the motion for partial summary judgment will be DENIED. Document #37. The question of whether the salary of each plaintiff was intended to cover all of the hours worked is a factual question that, if the jury finds in favor of a plaintiff on liability, will be submitted to the jury in a special interrogatory. If with respect to any plaintiff the jury reaches the issue of damages, the jury will be asked whether as to that plaintiff the salary was intended to cover all of the hours worked. If so, the jury will be instructed to determine damages based on the fluctuating work week method. If not, the jury will be instructed accordingly.

    IT IS SO ORDERED this 22nd day of February, 2012.

                                                                     J. LEON HOLMES  
                                                                      UNITED STATES DISTRICT JUDGE