**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

TERRY MADDEN, DOUG WORTMAN,                                                   PLAINTIFFS
and REBECCA O'BAR, individually and on behalf
of others similarly situated

v.                                        No. 4:10CV01162 JLH

LUMBER ONE HOME CENTER OF
STUTTGART, INC., d/b/a LUMBER ONE
HOME CENTER OF MAYFLOWER; and
LUMBER ONE HOME CENTER, INC.                                                  DEFENDANTS

### ORDER

Both the plaintiffs and the defendants have filed motions in limine. The Court rules on those motions as follows.

#### DEPARTMENT OF LABOR AND WORKERS' COMPENSATION

The parties agree that evidence pertaining to the plaintiffs' Department of Labor complaint and investigation and any workers' compensation claims made by the plaintiffs are inadmissible, with two closely related exceptions. The plaintiffs seek to introduce a statement to the Arkansas Department of Work Force concerning the work duties of Rebecca O'Bar, and they also seek to introduce a letter from Lumber One to the Board of Review, also describing O'Bar's work duties. Those statements are admissions by a party opponent and are relevant to the issues in this case, which concern O'Bar's duties. Permitting them to be used at trial will not unfairly prejudice the defendants. Plaintiffs may use them in a redacted form, as they propose in their response to the defendants' motion in limine.

The defendants argue that the Court should exclude those documents from evidence pursuant to Ark. Code Ann. § 11-10-314(a)(2)(A). The admissibility of evidence in a United States district court is governed by the Federal Rules of Evidence. Rule 402 provides:

> All relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority. Evidence which is not relevant is not admissible.

Neither Rule 402, nor any other rule, nor any act of Congress provides that a state law can determine what evidence may or may not be admitted in a United States district court. Consequently, apart from the issue of whether the Arkansas General Assembly has the authority under the Arkansas constitution to determine what evidence may be admitted at a trial in state court,[1] the Arkansas General Assembly cannot determine what evidence may be admitted at trial in a United States district court.

### TERMINATION OF EMPLOYMENT

The plaintiffs next move in limine to exclude any evidence relating to the termination of the plaintiffs' employment with the defendants, including circumstances relating to how the plaintiffs' employment with Lumber One ended. The defendants argue as to some of the plaintiffs that the circumstances regarding the termination of their employment is relevant to the question of what duties they were assigned to perform and whether they were exempt or nonexempt. As the plaintiffs point out in their brief, this Court has previously ruled that in an FLSA case evidence regarding whether a plaintiff was fired or termination from employment is inadmissible except insofar as that evidence relates to the issue of the plaintiffs' job duties and whether those job duties made him or her exempt from the overtime requirements of the FLSA. That holding will be the holding here. To the extent that the termination of any plaintiff's employment relates to that plaintiff's job duties and whether those job duties made the plaintiff an exempt employee, the motion in limine is denied.

---

[1] *Cf. Nelson v. State*, 2011 Ark. 429, at 6-8, __ S.W.3d __, 2011 WL 4840590, *7-8; *Johnson v. Rockwell Automation, Inc.*, 2009 Ark. 241, at 10-11, 308 S.W.3d 135, 142.

Otherwise, the motion in limine is granted.

### ARRESTS AND CONVICTIONS

The plaintiffs move in limine to exclude evidence of any arrests or convictions. The defendants do not object except that they argue that Doug Wortman was convicted of two crimes of dishonesty, which they should be able to use to impeach him. One of the crimes was a theft of public benefits in 2004, and the other was for writing hot checks in 2008. Pursuant to Rule 609, the defendants will be permitted to cross-examine Wortman using those two convictions to impeach his credibility. Otherwise, the plaintiffs' motion in limine is granted on this point.

### OTHER LAWSUITS

The plaintiffs move in limine to exclude evidence as to whether any of them have been a party to a lawsuit, including bankruptcy, divorce, child custody dispute, etc. The defendants do not object, so that portion of the motion in limine is granted.

### OTHER JOBS

The plaintiffs move in limine to exclude evidence relating to plaintiffs' job duties at other places of employment. Over the defendants' objection, that portion of the motion in limine is granted on the ground that evidence of the plaintiffs' job duties and other places of employment is irrelevant.

### LACK OF COMPLAINTS

The plaintiffs move in limine to exclude evidence that the plaintiffs did not complain to the defendants about not being paid overtime. As the defendants point out, one of the issues is whether the plaintiffs agree that their salary was compensation for all of the hours worked. Because the evidence that the plaintiffs did not complain is relevant to that issue, the plaintiffs' motion in limine

on that point is denied.

## OTHER ISSUES

The plaintiffs' final section of their motion in limine is entitled "Other Issues" and seeks to exclude any reference to the plaintiffs as bad employees who did not satisfactorily do their job, that the plaintiffs were disgruntled, and the like. That portion of the motion in limine is denied. Although the Court will not permit this case to generate into a trial as to whether the plaintiffs were good or bad employees or good or bad characters, to some extent evidence of what their job duties is interwoven with how well they performed them, and to some extent the defendants are entitled to impeach the plaintiffs, including arguing that they are biased against Lumber One. Consequently, the Court cannot rule in limine on this issue because the sweep of a ruling would be overly broad.

## DISCOVERY RESPONSES

The defendants have moved in limine to exclude their answers to interrogatories and responses to requests for admission on the ground that those documents cover a broad range of topics many of which are irrelevant or otherwise inadmissible. The motion in limine is denied on this point. If the plaintiffs seek to use some portion of those answers and responses at trial, the Court will rule at that time on the item's admissibility.

## DISPARAGEMENT OF LAWYERS

The defendants also have asked the Court to exclude any disparaging remarks about the Friday law firm. That portion of the motion is granted without objection. While there may be voir dire as to whether any jurors have any connection with the Friday law firm, the Court will not allow any disparaging remarks about the attorneys on either side.

**SPREADSHEET**

Finally, the defendants have moved in limine to exclude the plaintiffs' damages spreadsheet. The plaintiffs have responded by stating that they are revising the spreadsheet and that the revised spreadsheet will moot the points raised. Therefore, the defendants' motion is denied as moot on this point.

**CONCLUSION**

For the reasons stated, the motions in limine are granted in part and denied in part. Documents #48 and #50.

IT IS SO ORDERED this 2nd day of March, 2012.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE